IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FREDERICKA ROPER as mother of ) <br> KENDELL MARTIN and ) <br> DALILA ROBERTSON, minor children, ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> CHRYSTAL TEMPLETON, ) <br> CHRIS WILLIAMS, JEFF CARROLL, ) <br> ALBERT MILES, ) <br> CITY OF MURFREESBORO, TENNESSEE, ) <br> RUTHERFORD COUNTY, TENNESSEE, ) <br> And JOHN DOE. ) <br>     Defendants. ) | CASE NO. _____ <br> JURY DEMAND |

## COMPLAINT

Comes now Fredericka Roper on behalf of Kendell Martin ("Plaintiff Martin") and Dalila Robertson ("Plaintiff Robertson"), by and through the undersigned attorneys, and for this cause of action against Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1 Plaintiff Fredericka Roper is the mother and primary custodian of Kendell Martin and Dalila Robertson, who are minor children. Ms. Roper lives with both children in Rutherford County, Tennessee.

1.2 Plaintiff Kendall Martin is a fourteen-year-old minor child living in the care and custody of Fredericka Roper, his mother, in Rutherford County, Tennessee.

1.3 Plaintiff Dalila Robertson is an eight-year-old minor child living in the care and custody of Fredericka Roper, her mother, in Rutherford County, Tennessee.

1.4 Defendant Chrystal Templeton ("Defendant Templeton") is, upon information and belief, a resident of Rutherford County, Tennessee. Defendant Templeton was,

at all times relevant in this Complaint, acting under color of state law, and was employed as and acting within her scope and capacity as an officer for the Murfreesboro Police Department.

1.5 Defendant Chris Williams ("Defendant Williams") is, upon information and belief, a resident of Rutherford County, Tennessee. Defendant Williams was, at all times relevant in this Complaint, acting under color of state law, and was employed as and acting within her scope and capacity as an officer for the Murfreesboro Police Department.

1.6 Defendant Jeff Carroll ("Defendant Carroll") is, upon information and belief, a resident of Rutherford County, Tennessee. Defendant Carroll was, at all times relevant in this Complaint, acting under color of state law, and was employed as and acting within his scope and capacity as an officer for the Murfreesboro Police Department.

1.7 Defendant Albert Miles ("Defendant Miles") is, upon information and belief, a resident of Rutherford County, Tennessee. Defendant Miles was, at all times relevant in this Complaint, acting under color of state law, and was employed as and acting within his scope and capacity as an officer for the Murfreesboro Police Department.

1.8 Defendant City of Murfreesboro, Tennessee ("Murfreesboro") is a governmental entity located in Rutherford County, Tennessee, and at all times relevant to the Complaint was responsible for establishing the policies and procedures of the Murfreesboro Police Department as well as training of employees, including Defendants Templeton, Williams, Carroll, Miles, and the John Doe defendants.

1.9 Defendant Rutherford County, Tennessee ("Rutherford County") is a governmental entity located in the state of Tennessee, and at all times relevant to the Complaint was responsible for establishing the policies and procedures for handling juvenile criminal cases.

1.10     Upon information and belief, at least one unidentified John Doe defendant participated in the arrest of Dalila Robertson. This John Doe defendant is believed to be an employee of the Murfreesboro Police Department and was acting within their scope and capacity as an officer of the Murfreesboro Police Department at all times relevant to this Complaint.

## II.     JURISDICTION

2.1     This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights) as well as 42 U.S.C. §1983.

## III.     VENUE

3.1     Venue of this action is proper pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the action occurred in the Middle District of Tennessee.

## IV.     NATURE OF THE CASE

4.1     This action arises under the Fourth and Fourteenth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 et seq. for violations of the Constitutional Rights of Plaintiffs.

## V.     FACTS

5.1     Upon information and belief, on or about March 20, 2016 two minor children, ages five and six, got into a fight with another juvenile. None of the children involved sustained any serious injuries.

5.2     The fight allegedly occurred in the back yard of a private residence in Rutherford County.

5.3     Neither Plaintiff Martin nor Plaintiff Robertson were aware that the fight happened at the time it occurred and had no contemporaneous involvement in the incident.

5.4     Upon information and belief, the fight was filmed by one or more children who witnessed the incident.

5.5     Shortly after the fight, another minor child approached Plaintiff Martin while he was playing basketball and showed a video of the incident to Plaintiff Martin on his phone.

5.6     This was the first time that Plaintiff Martin became aware that a fight had occurred between the other minor children.

5.7     Plaintiff Robertson was inside the home of her grandmother at the time that the fight occurred.

5.8     Plaintiff Robertson first became aware of the fight when a friend came inside her grandmother's house and told her about it.

5.9     Plaintiff Robertson also saw a video recording of the fight a day or two after it occurred.

5.10    On or about April 15, 2016, Defendants Carroll, Miles, and a John Doe Defendant went to Hobgood Elementary School in Murfreesboro, Tennessee where Plaintiff Robertson is enrolled.

5.11    Defendant Williams was already working that day as an officer at the school and participated in the interrogation and arrests of the elementary school aged children.

5.12    Three of the four officers present at the school that day were uniformed and wearing guns.

5.13    One of the officers wore plain clothes.

5.14    Plaintiff Robertson was removed from her classroom and taken to the principal's office where officers from the Murfreesboro Police Department ("MPD"), were waiting to question her and other students at the school.

5.15    Upon information and belief, the school principal, Dr. Tammy Garrett, was instructed by the MPD not to contact the children's parents before they were questioned or arrested.

5.16    By the time Ms. Roper became aware that Defendants were questioning her eight-year-old daughter, Plaintiff Robertson had already been arrested.

5.17    Plaintiff Robertson was arrested at Hobgood Elementary School near the end of the school day on about April 15, 2016.

5.18    One or more of the officers questioned Plaintiff Robertson and the other students for several minutes before arresting them.

5.19    Plaintiff Robertson became visibly upset and began to cry when one of the officers took out handcuffs.

5.20    Plaintiff Robertson and at least one other child were handcuffed and transported in police cars to the Rutherford County Juvenile Detention Center where they were held until their parents could pick them up.

5.21    Despite being arrested, no warrant was issued for Plaintiff Robertson's arrest, nor was she ever charged with a crime.

5.22    Plaintiff Robertson was distraught by the incident and afraid to return to school.

5.23    Dr. Garrett, the school principal, had to come to Plaintiff Robertson's home to reassure her that she would not be arrested again if she went back to school.

5.24    When Plaintiff Robertson was finally able to go back to school, she was questioned and teased by other students about her arrest.

5.25    Also on or about April 15, 2016, Defendant Chrystal Templeton approached Plaintiff Martin after school outside the home of his grandmother where he was playing with two friends.

5.26    Defendant Chrystal Templeton questioned Plaintiff Martin and his friends for several minutes about their involvement in the fight.

5.27    Plaintiff Martin informed the officer at the time of the fight he was playing basketball and was not even aware that it happened until he saw it on video after the fact.

5.28    Plaintiff Martin informed Defendant Templeton that he was not involved in filming the fight or posting the video online.

5.29    Upon information and belief, no one made any statement to Defendant Templeton that would suggest that Plaintiff Martin encouraged or caused two juveniles to assault another juvenile.

5.30    Upon information and belief, no one made any statement to Defendant Templeton that would suggest that Plaintiff Martin was involved in filming the fight or posting the video online.

5.31    Upon information and belief, Defendant Templeton had no evidence to suggest that Plaintiff Martin encouraged or caused two juveniles to assault another juvenile.

5.32    Despite having no evidence to suggest that Plaintiff Martin had encouraged or caused two juveniles to assault another juvenile, Defendant Templeton swore out an affidavit against Plaintiff Martin, charging him with criminal responsibility for the conduct of another

pursuant to Tenn. Code Ann. §39-11-402 for the crime of assault pursuant to Tenn. Code Ann. § 39-13-101.

5.33    Criminal responsibility for the conduct of another pursuant to Tenn. Code Ann. §39-11-402 for the crime of assault pursuant to Tenn. Code Ann. § 39-13-101 is a misdemeanor offense.

5.34    Defendant Templeton's Affidavit of Complaint alleges that two juveniles, ages 5 and 6 were encouraged by Plaintiff Martin to assault another juvenile and that other juveniles videotaped the conduct and posted it online.

5.35    Defendant Templeton's Affidavit did not specify any actions Plaintiff Martin allegedly took to encourage 5 and 6 year old children to assault someone.

5.36    Defendant Templeton was aware that Plaintiff Martin took no actions to encourage 5 and 6 year old children to assault another child.

5.37    Defendant Templeton, with reckless disregard for the truth, made this false statement to prosecute Plaintiff Martin for criminal responsibility for the conduct of another.

5.38    Defendant Templeton arrested Plaintiff Martin.

5.39    Defendant Templeton put Plaintiff Martin in handcuffs.

5.40    Defendant Templeton put Plaintiff martin in the back of a police car, and took him to the Rutherford County Juvenile Detention Center where he was held until his mother, Ms. Roper, came to get him.

5.41    As a result of the prosecution for criminal responsibility for the conduct of another, Plaintiff Martin suffered public humiliation.

5.42    The circumstances leading to Plaintiffs Martin and Robertson's arrest were widely publicized in newspapers and other media outlets across the state of Tennessee.

5.43    Plaintiff Martin was forced to defend the criminal charges against him.

5.44    Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a custom, policy, practice, and/or training which allowed and encouraged its police officers to arrest minor children for any criminal offense, even where the offense did not meet the statutory criteria that allowed for an arrest of a minor.

5.45    This policy by Defendant City of Murfreesboro is in direct violation of Tennessee law, which limits the circumstances under which a minor may be physically arrested on misdemeanor delinquency petitions to situations where (a) the delinquent acts occurred in the presence of the arresting officer, (b) the delinquent acts constitute one of a small set of specified misdemeanors for which custodial arrest is authorized even if the offense occurred outside the presence of the officer, or (c) the Juvenile Court issues an arrest order based on particularized findings that an arrest is necessary for safety purposes or to prevent the child from absconding. T.C.A. §37-1-113,: §40-7-103; Tenn. R. Juv. P., Rule II (repealed as of July 1, 2016); Tenn. R. Juv. P., 109 (Effective as of July 1, 2016).

5.46    If none of these circumstances apply, children in Tennessee may not be arrested for pending misdemeanor petitions and such petitions can only be served via summons to appear in court. The summons must be served on either the child (if the child is 14 years or older) or the child's parents (if the child is less than 14 years old). T.C.A. §37-1-121 (repealed as of July 1, 2016); T.C.A. §37-1-122 (in effect as of July 1, 2016); Tenn. R. Juv. P., Rule 11 (Repealed as of July 1, 2016); Tennessee Rules of Juvenile Procedure 109 (effective as of July 1, 2016).

5.47    None of the Tennessee laws providing for the physical arrest of minors were applicable to the circumstances surrounding the Plaintiffs' arrests.

5.48    Defendant City of Murfreesboro implemented a policy on or around April 2013 that states, "Misdemeanor citations may not be issued to juvenile offenders. All juveniles referred to Juvenile Court must be transported to the RCJDC."

5.49    RCJDC is the acronym used to describe the Rutherford County Juvenile Detention Center.

5.50    This policy effectively requires Rutherford County Law Enforcement agencies to treat juvenile delinquency petitions as if they were "warrants" and arrest every minor charged by a law enforcement officer under a juvenile delinquency petition.

5.51    The Rutherford County Juvenile Detention Center participates in implementing this policy by accepting children arrested on misdemeanor delinquency petitions into its custody and temporarily detaining them while its staff determines whether the child qualifies to be incarcerated pretrial under T.C.A. §37-1-114.

5.52    While RCJDC staff may ultimately release the arrested child to his or her parents, until that decision is made they detain the child at the RCJDC.

5.53    Tennessee state law limits the pretrial incarceration of children charged with delinquent or unruly offenses under T.C.A. §37-1-114 and §37-1-116.

5.54    In Tennessee, a minor child may not be incarcerated in a secure detention facility except in compliance with these statutes.

5.55    Rutherford County Juvenile Detention center is a "secure facility" within the meaning of T.C.A. §37-1-114.

5.56    While the substantive liberty rights conveyed by Tennessee state law are clear, state law fails to dictate clear guidance as to the process that must be applied in executing those laws.

5.57     Upon information and belief, the Rutherford County Juvenile Detention Center Standard Operating Procedures also require that its employees detain children arrested on charges filed by a law enforcement officer until a staff member determines that the child is not a "true threat" to themselves or the community.

5.58     The standard operating procedures of the Rutherford County Juvenile Detention Center unconstitutionally expand the circumstances under which a minor may be detained beyond what is provided for by statute pursuant to Tenn. Code Ann. §37-1-114.

5.59     This custom, policy, practice and/or training is in direct violation of Tennessee state law.

5.60     Defendant City of Murfreesboro and Defendant Rutherford County were aware that their policies of arresting minors for misdemeanor offenses violated state law.

5.61     Defendants City of Murfreesboro and Defendant Rutherford County were aware that their policies for detaining minors violated state law.

5.62     Despite being aware that the policy was in violation of the law, the Defendants continued to follow the policy and provide training on the policy to the officers of the MPD and Rutherford County Juvenile Detention Center.

5.63     Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a custom, policy, practice, and/or training which allowed and encouraged its police officers to handcuff minor children even where there was no risk of flight or threat of safety to the arresting officer.

5.64     Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a custom, policy, practice, and/or training which allowed and

encouraged its police officers to arrest minor children for criminal responsibility for the conduct of another without probable cause.

5.65    Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a training program which did not adequately train its officers concerning when an arrest could be made and what facts were sufficient to form a basis for probable cause related to criminal responsibility for the conduct of another.

5.66    Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a training program which did not adequately train its officers concerning when it was appropriate to handcuff a minor child.

5.67    Upon information and belief, at the time of and prior to this incident, Defendant City of Murfreesboro had a training program which did not adequately train its officers concerning the circumstances under which a minor may be detained and questioned or the manner in which the questioning should occur.

5.68    Defendant City of Murfreesboro was responsible for properly training its officers in making reasonable arrests, the use of handcuffs, the manner and method of detaining and questioning minor children, and the verification of the identity of persons to be arrested.

5.69    Defendant City of Murfreesboro was responsible for providing appropriate and ongoing in-service training to its officers in making reasonable arrests, the use of handcuffs, the manner and method of detaining and questioning minor children.

5.70    Upon information and belief, Defendant City of Murfreesboro failed to provide its officers with appropriate ongoing in-service training in making reasonable arrests, the use of handcuffs, and the manner and method of detaining and questioning minor children.

5.71    The arrest and prosecution of Plaintiff Martin was not reasonable.

5.72    The arrest of Plaintiff Robertson was not reasonable.

5.73    The handcuffing of Plaintiffs Martin and Robertson was not reasonable.

5.74    The imprisonment of Plaintiffs Martin and Robertson was not reasonable.

5.75    Defendant City of Murfreesboro either knew or should have known that the officers were either unaware of the lawful requirements for arrest, handcuffing, and imprisonment or actively participated in violating those lawful requirements.

## COUNT I
(Malicious Prosecution, Unlawful Arrest, and Illegal Detention of Plaintiff Martin)

6.1    Plaintiff Kendell Martin was arrested and prosecuted for encouraging and causing two other juveniles, ages 5 and 6, to assault another juvenile. Plaintiff was charged with criminal responsibility for the conduct of another pursuant to Tenn. Code Ann. §39-11-402 for the crime of assault pursuant to Tenn. Code Ann. § 39-13-101.

6.2    As set forth above, Defendant Templeton arrested Plaintiff Martin despite there being no probable cause to make such arrest and despite being actually aware that Plaintiff Martin had not committed a crime.

6.3    Defendant Templeton participated in and/or influenced the prosecution of the Plaintiff Martin for criminal responsibility for the conduct of another despite there being no probable cause for such prosecution and despite being actually aware that Plaintiff Martin had not committed a crime.

6.4    The arrest and prosecution of Plaintiff Martin for criminal responsibility for the conduct of another was without probable cause.

6.5    Plaintiff Martin did not encourage or cause two juveniles to assault another juvenile, nor were there facts present to suggest Plaintiff Martin had done so.

6.6     Plaintiff Martin was charged with a misdemeanor that did not meet the statutory criteria that would permit him to be arrested either with or without a citation or summons.

6.7     Despite the fact that there was no statutory or other authority that would allow Plaintiff Martin to be arrested, Plaintiff Martin was illegally arrested, handcuffed, and detained in the Rutherford County Juvenile Detention Facility.

6.8     As a direct and proximate result of the arrest and criminal prosecution, Plaintiff Kendell Martin was deprived of his liberty.

6.9     As a direct and proximate result of the criminal prosecution of the Plaintiff for criminal responsibility of another, Plaintiff was deprived of his right to be free from prosecution without probable cause.

6.10    The charge of criminal responsibility for the conduct of another was dismissed on July 13, 2016, resulting in a disposition in Plaintiff Martin's favor.

6.11    Pursuant to statute, Defendant Templeton is liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages; punitive damages; and reasonable attorney's fees and costs.

## COUNT II
(Unlawful Arrest and Illegal Detention of Plaintiff Robertson)

7.1     Plaintiff Dalila Robertson was arrested but never charged with a crime.

7.2     As set forth above, Defendant Williams, Defendant Carroll, Defendant Miles, and the unidentified John Doe Defendant participated in the questioning and arrest of Plaintiff Robertson.

7.3     Plaintiff Robertson did not commit assault and did not encourage or cause two juveniles to assault another juvenile, nor were there facts present to suggest Plaintiff Robertson had engaged in such conduct or committed any other crime.

7.4     No warrant, citation, summons, or delinquency petition was ever issued for Plaintiff Robertson's arrest and Plaintiff Robertson was never charged with a crime.

7.5     Despite this fact, Plaintiff Robertson was illegally arrested, handcuffed, and detained at the Rutherford County Juvenile Detention Center.

7.6     As a direct and proximate result of the arrest, Plaintiff Dalila Robertson was deprived of her liberty without probable cause.

7.7     Pursuant to statute, Defendant Templeton, Defendant Williams, Defendant Carroll, Defendant Miles, and the unidentified John Doe defendant are liable to Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages; punitive damages; and reasonable attorney's fees and costs.

## COUNT III
(Municipal Liability – City of Murfreesboro)

8.1     The conduct of Defendant City of Murfreesboro described above deprived the Plaintiffs of their rights to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

8.2     Defendant City of Murfreesboro contemporaneously approved and ratified the conduct and actions of the other Defendants resulting in the false arrest and illegal detention of the Plaintiffs and the malicious prosecution of Plaintiff Martin.

8.3     Defendant City of Murfreesboro's policies, procedures, and training regarding the arrest of minors on misdemeanor charges outside the presence of an officer were also the motivating force behind the arrest and prosecution of Plaintiff Martin and the arrest of Plaintiff Robertson.

8.4     Pursuant to statute, Defendant City of Murfreesboro is liable to the Plaintiffs for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

8.5     Also pursuant to statute, Plaintiffs Martin and Robertson are entitled to injunctive relief to enjoin Defendant City of Murfreesboro from engaging in future conduct which violates state law and deprives individuals of their constitutional rights as well as reasonable attorney's fees and costs for the necessity of requesting such relief.

8.6     Specifically, Plaintiffs Martin and Robertson request that this Honorable Court enjoin the City of Murfreesboro from enforcing any custom, practice, policy and/or training that requires juveniles charged with misdemeanors be arrested or illegally detained outside the confines of Tennessee law and that they be awarded their attorney fees and other costs and expenses associated with this litigation for the necessity of bringing this action.

## COUNT IV
(Municipal Liability - Rutherford County)

9.1     Defendant Rutherford County's custom, practice, policies and procedures regarding the arrest of minors on misdemeanor citations were a motivating force behind the arrests of Plaintiffs Martin and Robertson.

9.2     Pursuant to statute, Defendant Rutherford County is liable to the Plaintiffs for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

9.3     Also pursuant to statute, Plaintiffs Martin and Robertson are entitled to injunctive relief to enjoin Defendant Rutherford County from engaging in future conduct which violates state law and deprives individuals of their constitutional rights as well as reasonable attorney's fees and costs for the necessity of requesting such relief.

9.4     Specifically, Plaintiffs Martin and Robertson request that this Honorable Court enjoin the Defendant Rutherford County from enforcing any custom, practice, policy and/or procedure that requires juveniles charged with misdemeanors be arrested or illegally detained outside the confines of Tennessee law and that they be awarded their attorney fees and other costs and expenses associated with this litigation for the necessity of bringing this action.

## DAMAGES

10.1     As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiffs Robertson and Martin experienced significant emotional suffering, damage to their reputation, and the embarrassment and humiliation of being arrested in front of their friends.

10.2     As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Martin suffered the embarrassment and humiliation of publicly being charged and prosecuted for criminal responsibility for conduct of another.

10.3     As a direct and proximate result of the unlawful conduct of Defendants as described above, the Plaintiffs have experienced significant mental anguish.

10.4     As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Robertson missed school.

10.5     As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Martin had to find a lawyer to successfully have the criminal charges dismissed.

10.6     As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiffs Martin and Robertson were deprived of their liberty and freedom from unreasonable search and seizure.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully demand judgment against Defendants, and each of them, jointly and severally as follows:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2. That the Plaintiffs be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact.

3. That Plaintffs be awarded a judgment for punitive damages in an amount to be determined by the trier that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future.

4. That Defendants City of Murfreesboro and Rutherford County be enjoined from enforcing any custom, practice, policy and/or training that requires juveniles charged with misdemeanors from being arrested or illegally detained outside the confines of Tennessee statute.

5. That Plaintiffs be awarded their costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 USC § 1988; and

6. That Plaintiffs be granted such other, further and general relief to which they are entitled.

Respectfully Submitted,

BULLOCH, FLY, HORNSBY & EVANS

 /s/Luke A. Evans
LUKE A. EVANS, BPR #023620
Attorneys for Plaintiff
302 N. Spring Street
P.O. Box 398
Murfreesboro, TN 37133-0398
(615) 894-4154

MOSELEY & MOSELEY


 /s/James Bryan Moseley
JAMES BRYAN MOSELEY, BPR #021236
Attorney for Plaintiffs
237 Castlewood Dr., Suite D
Murfreesboro, TN 37129
(615) 254-0140